# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LORANZANO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-684 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Caiazza |
| DEBRA GRESS, CRNP, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 18) be granted.

### II. REPORT

The Plaintiff, Andre Loranzano ("Loranzano" or "the Plaintiff"), is a former state inmate. At the time Loranzano's Complaint was filed, he was confined at the State Correctional Institution at Greene, Pennsylvania ("SCI-Greene"). Parenthetically, he has since been released from confinement.

Loranzano commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendant Debra Gress ("Gress") informed him verbally in an area of the prison where twenty-four inmates could overhear her comment that he had

contracted herpes. He asserts that Gress' conduct violated his right to privacy and he now seeks six million dollars in compensatory damages and the "dismissal" of Ms. Gress from SCI-Greene and from the "medical profession." (Doc. 3). Gress has filed a Motion to Dismiss (Doc. 18) and the Plaintiff has responded with exhibits and a brief (Docs. 32-36). He also supplemented his response (Docs. 40-41).

**A.  The Legal Standard.**

Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

**B.  The Exhaustion of Administrative Remedies**

Gress asserts that Loranzano failed to exhaust his available administrative remedies. The applicable – and mandatory– exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a)  Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any

> other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a)(emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies; this requirement remains mandatory even if the ultimate relief sought by the prisoner is not available through the administrative process. <u>See</u> <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir.2000), <u>cert. granted</u>, 531 U.S. 956 (2000), <u>aff'd</u>, 532 U.S. 731, (2001). Further, it is insufficient for a prisoner to establish that "there is no further process available to the inmate within the grievance system (which would occur if, say, an inmate fails to file an administrative appeal)...." <u>Spruill v. Gillis</u>, 372 F.3d 218, 227-28 (3d Cir. 2004). The <u>Spruill</u> court made plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." <u>Id</u>. "[I]t is beyond the power of this court – or any other– to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000)(quotation omitted).

The <u>Spruill</u> court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component by analogizing it to the exhaustion doctrine – with its corollary procedural default component– in the habeas context.

Spruill, 372 F.3d at 228-229. Having concluded that the PLRA includes a procedural default component, the Court stated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, then the claim is procedurally defaulted for purposes of §1997(e)(a). Because Loranzano has procedurally defaulted during the administrative appeal process, he is barred from litigating his claim in federal court. Spruill, 372 F.3d at 228-229.

A review of Loranzano's Complaint reveals that he does, indeed, allege that he submitted a grievance with respect to the alleged improper disclosure of his medical condition, but that it was denied on final review because it was untimely filed, *i.e.*, that he was procedurally defaulted during the administrative appeal process. The Plaintiff has supported this conclusion by providing the court with copies of the documents in question, including the denial on final review evidencing that his administrative appeal was sought untimely. (Doc. 36, "Proof of Evidence 1"). Therefore, it is clear from Loranzano's pleadings that he was procedurally defaulted during the administrative appeal process. Gress' Motion to Dismiss should be granted on this basis alone.

B. **The Merits**

Even if the Plaintiff's claim were properly before the

court, it would be dismissed. First, Loranzano's claim for compensatory damages must be dismissed since he fails to allege a physical injury and he cannot sue for only mental or emotional injuries:

> While the District Court did not consider the effect of § 803(d)(e) of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e), on Doe's claims, we have since recognized that § 1997e(e) prohibits compensatory damages for mental or emotional injury absent allegations of physical injury. Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir.2000).

Doe v. Delie, 257 F.3d 309, 314 (3d. Cir. 2001). Thus, the Plaintiff's claims for compensatory damages must be dismissed.

Next, Loranzano does not seek declaratory or injunctive relief –which claims are not barred by § 1997(e))– and, even if he did, his release from custody moots any such claim. Id.

The only relief aside from the compensatory damages requested by Loranzano is that Defendant Gress' employment be terminated, and that she be "dismissed" from the medical profession. This court lacks the authority to grant either form of relief. Hence, these claims for relief must likewise be dismissed.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 18) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 3, 2008.

February 14, 2008                    s/ Francis X. Caiazza
                                     Francis X. Caiazza
                                     United States Magistrate Judge


cc:
ANDRE LORENZANO
180 Butler Avenue
Johnstown, PA 15906-2202